**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SAMUEL MAINE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MILLER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-01097-JD |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield. [Doc. No. 32].[1] The R. & R. recommends granting Defendant Michael Miller and Defendant Timothy Nelson's Motion to Dismiss [Doc. No. 19] and dismissing Plaintiff Samuel Maine's ("Plaintiff") Eighth Amendment claim against them. [Doc. No. 32 at 6–15]. Judge Maxfield also screened Plaintiff's Amended Complaint and determined that Plaintiff fails to state an Eighth Amendment claim against Defendant Lisa Cathey. [*Id.* at 15–17]. Because the R. & R. recommends dismissing Plaintiff's federal claim against all Defendants, the R. & R. also recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claim of intentional infliction of emotional distress. [*Id.* at 17–18]. The R. & R. further recommends denying Defendant Nelson and prior Defendant Oklahoma Department of Corrections' Motion to Dismiss the original complaint as moot, as well as Plaintiff's

[1] When the Court cites to a page number in this order, it will use page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

Motion to Substitute Parties and Plaintiff's Motion to Reply Out of Time, in light of the R. & R.'s recommendation that would dispose of all claims in this case. [Doc. Nos. 11, 28, 31]. Plaintiff did not file objections to the R. & R. For the reasons outlined below, the Court accepts the R. & R. in full.

As noted above, Plaintiff filed an Amended Complaint, asserting an Eighth Amendment claim and a state law claim of intentional infliction of emotional distress against Defendants Miller, Nelson, and Cathey. [Doc. No. 17 at 1–2, 4–6]. The Court referred this matter to Judge Maxfield for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 3].

Judge Maxfield reviewed Defendant Miller and Defendant Nelson's Motion to Dismiss [Doc. No. 19], screened the Amended Complaint under 28 U.S.C. § 1915A(a), and issued the R. & R. with the recommendations outlined above. [*See* Doc. No. 32 at 5 (detailing screening)].

In the R. & R., Judge Maxfield reviewed and analyzed Plaintiff's claims.

First, regarding Defendant Miller, the R. & R. found that the Amended Complaint made no allegations pertaining to Miller. [*Id.* at 7]. The R. & R. explained that alleging Miller had a supervisory role, by itself, is insufficient to plead Miller committed a constitutional violation. [*Id.*].

Second, the R. & R. analyzed Plaintiff's Eighth Amendment claim against Miller and Cathey. The R. & R. found that the Amended Complaint failed to adequately plead the subjective component of a deliberate indifference to medical needs claim against

Miller. [*Id.* at 12–15]. The R. & R. also concluded that the Amended complaint failed to adequately plead the subjective component against Defendant Cathey. [*Id.* at 16–17].

Lastly, in light of the recommended disposition of Plaintiff's Eighth Amendment claims against Defendants, the R. & R. recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim of intentional infliction of emotional distress. [*Id.* at 17–18].

Judge Maxfield advised Plaintiff of his right to object to the R. & R. by filing an objection with the Clerk of Court by September 1, 2026, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. [*Id.* at 18]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Here, Plaintiff is represented by counsel, and Plaintiff was warned of the consequences of failing to timely object to the R. & R. Upon consideration, Plaintiff has waived review of the R. & R., and the interests of justice do not warrant an exception to the waiver rule. *Cf. Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005) (explaining factors to consider when deciding whether to invoke the interests of justice exception include a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised).

Consequently, with no objection being filed, and upon review of the record, the Court accepts the R. & R. in its entirety and dismisses Plaintiff's claims without prejudice. Alternatively, even though the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines it should adopt the R. & R. in full. *See 2121 E. 30th St.*, 73 F.3d at 1060–61 (recognizing that the objections "were not sufficiently specific to preserve any issue for appellate review" and explaining even where the district court conducts a de novo review sua sponte, that "does not warrant lifting the bar of appellate review under the circumstances presented").

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 32] and DISMISSES Plaintiff's Amended Complaint without prejudice. Accordingly, the Court GRANTS Defendant Miller and Defendant Nelson's Motion to Dismiss. [Doc. No. 19]. The Court also denies the following motions as moot: Defendants' Motion to Dismiss [Doc. No. 11]; Plaintiff's Motion to Substitute Parties [Doc. No. 28]; and Plaintiff's Motion to Reply Out of Time [Doc. No. 31]

A separate judgment will follow.

IT IS SO ORDERED this 4th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE